UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO R. VENEGAS,<br><br>              Plaintiff,<br><br>     v.<br><br>INDYMACK BANK, WASHINGTON MUTUAL, CHASE BANK, DOES 1 through 5, inclusive,<br><br>              Defendant. | No.  2:09-cv-00289 JAM-GGH<br><br>**ORDER DENYING MOTION TO EXPUNGE LIS PENDENS DUE TO LACK OF JURISDICTION** |

This matter is before the Court on Defendant JPMorgan Chase Bank, N.A's ("Defendant") Motion to Expunge Lis Pendens (Doc. #71). Plaintiff Armando Venegas ("Plaintiff") opposes the motion and cross-motioned for a temporary restraining order, request for declarative relief, and to vacate the dismissal order of March 30, 2009 (Doc #73). Both parties replied (Doc. ##75, 76).[1] For the reasons set forth below, the Court denies the motion for lack of jurisdiction.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 3, 2013.

1

I. BACKGROUND

Defendant seeks to expunge the Notice of Pendency of Action recorded on January 20, 2009 with the San Joaquin County Recorder's Office as document no. 2009-008764 ("Lis Pendens") against the real property located at 17737 Golden Spike Trail, Lathrop, California 95330 ("the Property").

Plaintiff originally filed this action on December 9, 2008, in San Joaquin County Superior Court against Defendant alleging various claims with respect to the Property (Doc. #1). In connection with this action, on January 20, 2009, Plaintiff recorded the Lis Pendens. Request for Judicial Notice ("RJN"), Doc. #72, Ex. 1. Defendant removed this action to this Court on January 30, 2009. Id. Defendant then filed a motion to dismiss, which was granted without prejudice on March 30, 2009 (Doc. #24).

Plaintiff re-filed the case in San Joaquin County involving the same issues and Property. See Exhibit 1, Attached to Opp., Doc. #73. Plaintiff appealed the state court's final judgment and the appeal was denied.[2] Id.

II. OPINION

A. Legal Standard

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Further, the Court has an independent obligation

---

[2] The status of the appeal after it was denied is unclear but the appeal is not relevant to the determination of this motion.

to consider sua sponte whether it has subject matter jurisdiction. United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004).

B. Judicial Notice

Defendant seeks judicial notice of the Lis Pendens. RJN, Doc. #72, Ex. 1. The filing is the proper subject of judicial notice under Federal Rules of Evidence Rule 201 because a court may take judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted).

Accordingly, the Court GRANTS Defendant's request for judicial notice.

C. Discussion

Defendant moves to expunge Plaintiff's Lis Pendens on the Property because this Court dismissed Plaintiff's complaint and therefore, there is no longer a pending action as required by the California Code of Civil Procedure Sections 405.20 and 405.30. Plaintiff contends that there is still a pending action because the state court judgment is on appeal.

Under Section 405.30, the motion can only be heard by "the court in which the action is pending." Cal. Civ. Proc. Code § 405.30; see also Formula Inc. v. Superior Court, 168 Cal.App.4th 1455, 1462 (2008). In Formula, the defendant argued that under Section 405.30, the trial court lacked jurisdiction to hear the motion to expunge because the "pending action" was before a court outside of California and not the trial court. 168 Cal.App.4th at 1459-60. On appeal, the court noted that the defendant's argument presupposes that a lis pendes is authorized

by the statute, holding that California lis pendens statutes do not extend to litigation filed in courts of another state. Id. at 1460-64.  However, to reach this conclusion, the court noted that "[i]t makes sense to read the statute as it is written and confine a motion to expunge to the court where 'the action' of which notice has been recorded is pending to avoid inconsistent judgments and forum shopping." Id. at 1464.

Here, the action related to the Property was dismissed by this Court and re-filed in San Joaquin Superior Court. Therefore, this Court has no jurisdiction pursuant to Section 405.30 to hear this motion because the action is not pending before it.  Moreover, Defendant has not provided any authority demonstrating why this Court and not the San Joaquin Superior Court is the appropriate court to hear this motion.  To the contrary, Plaintiff mentions that the superior court has heard and determined a motion to expunge related to the Property. Opp. at 3.  Because the action is before a superior court, ruling on this motion may result in inconsistent judgments and encourage forum shopping.

Accordingly, the Court lacks jurisdiction to rule on Defendant's motion.

III. ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for lack of jurisdiction. Accordingly, Plaintiff's cross-motions are denied as moot.

IT IS SO ORDERED.

Dated: April 9, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4